Mr. Justice Field
delivered tire opinion of the court:
The determination of this case does not depend upon the validity or invalidity of the title of the petitioners to the property in question. The difficulty with their claim does not arise, as the court below appears to have considered, solely from the-supposed invalidity of their title.' There is a difficulty from another quarter. We do not find in any legislation of the Army, or in any act of Congress, that the acting assistant quartermaster at Key West was invested with any power to-bind the United States to the agreement or lease produced, even though his action was taken by direction of the military commander at that station, and the instrument was approved by him. No lease of premises for the use of the Quartermaster’s Department, or any branch of it, could be binding upon the Government until approved by the Quartermaster-General. Until such approval the action of the officers at Key West was as ineffectual to fix any liability upon the Government as if they had been entirely disconnected from the public service. The agreement or lease was, so far as the Government is concerned, the work of strangers. The obligation of Government for the use of the property is exactly what it would have been if the possession had been taken and held without the existence of the agreement. Any obligation of that character cannot be considered by the Court of Claims. The jurisdiction of that court, says the act of Congress of July 4th, 1864, u shall not extend to, or include any claim against the United States, growing out of the destruction or appropriation of, or damage to, property by the Army or Navy, or any part of the Army or Navy engaged in the suppression of the rebellion, from the commencement to the close thereof.” — (13 Stat., 381.) The premises of the iietitioners were thus appropriated by a portion of the Army. It matters not that the petitioners, supposing that the officers at Key West could bind the Government to pay a stipulated rent for the premises, consented to such appropriation. The manner of the appropriation, whether made by force or upon the consent of the owner, does not affect the question of jurisdiction. The consideration of any claim, whatever its character, growing out of such appropriation, is excluded. The term “ appropriation” is of the broadest import: it includes all taking and use of property by th'e Army or Navy, in the course of the war, not authorized by contract with the Gov- *121 eminent. The use may be permanent or temporary, and it may result in tbe destruction of or the mere injury to the property. If the right to the property, or to its use, is not obtained by valid contract with the Government, the taking or use of it is an appropriation of it within the meaning of the act of Congress.
The learned counsel of the petitioners is correct in stating that leasing and appropriation are different acts, but he errs when he assumes that the instrument in this case has any greater validity as the act of the Government than if it had been signed by himself.
The doctrine of estoppel, which the counsel invokes, has no application. There is no place where the doctrine can come in. The officers at Key West did not represent the United States, except in their military capacity, though assuming to do so. In signing the agreement, and in taking possession of the premises claimed by the petitioners, they acted on their own responsibility. Their unauthorized acts cannot estop the Government from insisting upon their invalidity, however beneficial they may have proved to the United States. If the petitioners are entitled to compensation for the use of the property they must seek it from Congress. The Court of Claims can award them none.
Judgment aeeirMed.